CHAMPION v. GRAND RAPIDS, GRAND HAVEN & MUSKE-
GON RAILWAY CO.

1. APPEAL AND ERROR—CHANCERY APPEAL—QUESTIONS CONSID-
ERED—JURISDICTION.
Where a defendant in chancery invokes the jurisdiction of the
court by filing an answer in the nature of a cross-bill, pray-
ing affirmative relief, and complainant appeals from a decree
dismissing the bill and granting the relief prayed by the
cross-bill, defendant, not having appealed, cannot urge that
chancery has no jurisdiction because complainant has an
adequate remedy at law, and the pleadings and proofs show
that the amount in controversy is less than $100.

2. REFORMATION OF INSTRUMENTS—EQUITY—CONDITIONAL RELIEF.
Relief by way of reforming a deed of right of way to correct
an ambiguity in the description will only be granted a rail-
road company on condition that it perform an agreement on
its part, made in consideration of the deed, that it will main-
tain a farm crossing, drains, etc., and move the grantor's
house.

Appeal from Ottawa; Padgham, J. Submitted May
8, 1906. (Docket No. 115.) Decided September 20, 1906.

Bill by Helen Champion against the Grand Rapids,
Grand Haven & Muskegon Railway Company to enjoin
the construction of a road on complainant's premises.
Defendant filed an answer in the nature of a cross-bill
praying for reformation of a deed. From a decree dismiss-
ing the bill and granting the prayer of the cross-bill, com-
plainant appeals. Modified.

*Turner & Turner*, for complainant.

*Carroll, Kirwin & Hollway*, for defendant.

MOORE, J. This is an injunction bill to which defend-
ant answered generally and also filed an answer in the
nature of a cross-bill. The court below dismissed the
original bill and granted the relief prayed for in the cross-
bill. The complainant has appealed; the defendant has
not appealed.

The record discloses that in March, 1901, complainant made to defendant a deed reading in part as follows:

"The said party of the first part for and in consideration of the sum of five hundred dollars to her in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, does by these presents, grant, bargain, sell, remise, release, alien and confirm unto the said party of the second part and its successors and assigns a strip of land 33 feet in width over and across the east half of the southeast quarter of section 1, town. 7 north, range 13 west, extending from the southeast corner of said section 1, northwesterly in a direct line to a point on the west line of said east half of southeast quarter, where the north line of the State road would intersect the south line of said strip, being in the township of Tallmadge, county of Ottawa and State of Michigan; said strip of land to extend 16 and one-half feet on either side of the center line of said railroad as now located, diagonally across said described premises."

At the same time, and as part of the consideration for the deed, a contract was given to complainant wherein defendant agreed:

"*First.* To fence both sides of the right of way as granted. *Second.* To furnish one farm crossing, with suitable gates, and also provide drain along the right of way. *Third.* To move house and place the same in as good condition as at present, also to provide a cellar as now. *Fourth.* House to be moved to a point selected by Mrs. Champion, same not to exceed 12 rods from present location."

It is the claim of complainant that defendant did not perform the terms of this agreement. It is also her claim that, instead of building the road upon the land described in the deed, it was built about 40 feet north of said description at the southeast corner of her land. It is her claim that she is without adequate remedy at law, and in addition to her prayer for an injunction she prayed for such other and further relief as shall be proper. This proceeding was not begun until the road was nearly completed. In defendant's cross-bill it is alleged that, when the deed was given, a survey of the line of the road across

complainant's premises had been made, that the road was in fact constructed upon the line of that survey, that the description in the deed is ambiguous, and prayed that it might be corrected.

It is urged in the brief of defendant that under the pleadings and proofs the amount at issue is less than $100 and the court is without jurisdiction. It is also said complainant has an adequate remedy at law and for that reason complainant's bill of complaint should be dismissed. It is a sufficient answer to these suggestions to say that defendant has seen fit to invoke the jurisdiction of the court by its answer in the nature of a cross-bill in which it asks for affirmative relief, and in accordance with which prayer the court has granted a decree in its favor from which defendant has not appealed. Its action has brought before the court the parties to the controversy and the subject-matter.

The testimony is somewhat contradictory as to the line of the survey at the time the deed was made. We agree, however, with the lower court, that the road was constructed upon the line as it then existed, and that there is ambiguity in the description contained in the deed which ought to be corrected. It is not equitable, however, that a decree should be made in favor of defendant until it has performed the agreement made upon its part which was part of the consideration for the deed. This it has not done. As the parties and the subject-matter are before the court, a final disposition of the case should be made. See *Koch* v. *Sumner*, ante, 358, and the many cases cited therein.

The decree will be modified so as to require defendant to perform within a reasonable time its contract with complainant. If the parties cannot agree upon the time, it will be fixed by the court upon the settlement of the decree. Complainant will recover costs.

CARPENTER, C. J., and McALVAY, BLAIR, and HOOKER, JJ., concurred.